# IN THE SUPREME COURT OF THE STATE OF NEVADA

STACIE ALLEN; AND JANE DOE DANCER I-IV, INDIVIDUALLY, AND ON BEHALF OF CLASS OF SIMILARLY SITUATED INDIVIDUALS,
Appellants,
vs.
O.G. ELIADES, LLC, A NEVADA LIMITED LIABILITY COMPANY; O G ELIADES A D, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND O.G. ELIADES, LLC/O G ELIADES AD, LLC, A JOINT VENTURE OR PARTNERSHIP,
Respondents.

No. 79632

**FILED**

MAR 1 0 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is an appeal from a final judgment in a class action unpaid wages matter. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.[1]

While this appeal was pending, we decided *Doe Dancer I v. La Fuente, Inc.*, 137 Nev., Adv. Op. 3 (2021), which resolves the legal questions at play here. To wit, in *Doe Dancer* we held that NRS 608.0155 does not apply to claims brought under the Minimum Wage Amendment (MWA). 137 Nev., Adv. Op. 3 at 25. Accordingly, whether appellants meet the requirements of NRS 608.0155 does not impact their classification for purposes of the MWA to the Nevada Constitution. That is, if they fall within the MWA's scope, NRS 608.0155 cannot prevent them from recovering the minimum wages they are constitutionally owed. *Id.*

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-06914

In light of *Doe Dancer*, the district court's reasoning for granting respondents' summary judgment motion cannot stand. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), (reviewing de novo a district court's decision to grant summary judgment). In particular, whether appellants are entitled to the minimum wage guaranteed by the MWA depends on the "economic realities test", and on this record, a fact-finder could draw contradictory conclusions as to elements of that test—most notably regarding the extent of respondents' control over appellants. *Doe Dancer*, 137 Nev. Adv. Op 3 at 13. In other words, a rational trier of fact applying the test could determine that appellants should have been classified as employees, and we cannot conclude as a matter of law that they were not employees. *Wood*, 121 Nev. at 131, 121 P.3d at 1031 (providing that summary judgment is only appropriate when the facts are not in dispute "and the moving party is entitled to judgment as a matter of law"). However, for the same reasons, appellants likewise were not entitled to judgment as a matter of law, such that the district properly denied their competing motion for summary judgment. We therefore

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.                    _____, J.
Stiglich                                                           Silver

cc: Hon. Joseph Hardy, Jr., District Judge
Stephen E. Haberfeld, Settlement Judge
Bighorn Law/Las Vegas
Gerrard Cox Larsen
Lewis Roca Rothgerber Christie LLP/Las Vegas
Eighth District Court Clerk